Wesley, J.
(concurring). We concur with the result reached by the majority, that defendant is not precluded from asserting its defense that the insured’s injuries were not related to the accident in question. For the reasons set forth today in our dissenting opinion in Presbyterian Hosp. v Maryland Cas. Co. (90 NY2d 274), however, we would further hold that defendant is not precluded from asserting its defense that the medical treatment rendered by plaintiff was excessive. As set forth in Presbyterian, we believe that preclusion was not intended to be a remedy for the untimely denial of a no-fault claim under the Insurance Law or the regulations of the Insurance Department.
*203 Moreover, we are not persuaded that the defense of excessiveness should be treated differently from the lack of coverage defense that defendant is allowed to assert. As we noted in Presbyterian, the no-fault statute is a creature of legislative fiat. The statute defines the coverage that must be provided. Medical expenses are not included as an item of "basic economic loss” under no-fault unless they are "necessary expenses” (Insurance Law § 5102 [a] [1]). To that extent, the question whether the medical expenses in this case were excessive or necessary presents merely a question of coverage. The distinction between "coverage” defenses (which are not precluded) and "noncoverage” defenses (which would be precluded under the majority’s holding in this case and in Presbyterian) will only encourage more litigation, which no-fault was intended to avoid. A simple rule that no defenses are precluded avoids this problem.
Although, like the majority, we invite the Legislature and the Superintendent of Insurance to reexamine the statute and regulations, we believe that those laws as they now stand were intended to provide remedies other than preclusion for the untimely failure to deny a no-fault claim.
Chief Judge Kaye and Judges Smith and Ciparick concur with Judge Bellacosa; Judge Wesley concurs in result in a separate opinion in which Judges Titone and Levine concur.
Order reversed, etc.